⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
**DANIEL J. CRAIG**
FEB 11, 2022 11:14 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE SUPERIOR COURT FOR RICHMOND COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) ) ) | |
| Plaintiffs, | ) ) | **COMPLAINT FOR DAMAGES** |
| v. | ) ) | **Jury Trial Demanded** |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) ) ) ) ) ) | CIVIL ACTION FILE No.: |
| Defendants. | ) | |

COME NOW Plaintiffs Johnny Earl Little, Jr. and Keyla Little and file this Complaint for Damages against LB Transport, Inc., Manly Terminal, LLC, Donald H. Gruis, John Does 1-5, and Richard Roe Corporations 1-5 and shows as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Johnny Earl Little, Jr. ("Plaintiff" or "Mr. Little") is a citizen of Richmond County, Georgia, residing at 2126 Silverdale Road in Augusta, Richmond County, Georgia.

2.      Plaintiff Keyla Little ("Mrs. Little") is and was at all material times married to Mr. Little and is also a citizen of Richmond County, residing at 2126 Silverdale Road in Augusta, Georgia.

3.      Whenever the term "Plaintiffs" is utilized in this Complaint, such term collectively refers to and includes all named Plaintiffs in this lawsuit, unless specifically restricted within a cause of action or as further defined below.

4.      Upon information and belief, at all material times, Defendants LB Transport, Inc., Manly Terminal, LLC, Donald H. Gruis, John Does 1-5, and Richard Roe Corporations 1-5, individually and collectively, and by virtue of their own independent actions and while acting as

*alter egos* and agents of one another, and while acting as joint venturers in the establishment, ownership, operation, management, maintenance, and/or control of their commercial trucking operation, and while acting through the employees, agents, and/or servants employed or utilized by them to conduct their commercial trucking operation, were conducting business and transporting commercial goods and/or products on the roads and highways in the State of Georgia, including Richmond County on March 13, 2020 (the "Trucking Operation").

5.      Upon information and belief, Defendant LB Transport, Inc. ("LB Transport") is a privately owned carrier of hazardous and non-hazardous products for customers throughout the contiguous United States and Canada. LB Transport is headquartered in Iowa and has multiple divisions, operates a fleet of over one hundred (100) liquid and dry bulk tractors and trailers, and has a team of drivers, dispatchers, shop personnel and office staff. LB Transport's president is Terry Kiewiet, and its home office is located at 615 1st Avenue NE, Buffalo Center, Iowa 50424.

6.      Upon information and belief, Defendant LB Transport is a for-profit corporation organized in the State of Iowa and doing business in the State of Georgia. Defendant LB Transport Manly, Iowa 50456 is not registered or authorized to do business with Georgia's Secretary of State, but Defendant LB Transport committed tortious acts against Mr. Little in the State of Georgia, which are specifically alleged in the subsequent counts or causes of action. Defendant LB Transport may be served with process through its registered agent, Terry Kiewiet, 615 1st Avenue NE, Buffalo Center, Iowa 50424 or through Georgia's Secretary of State.

7.      Upon information and belief, Defendant Manly Terminal, LLC ("Manly Terminal") is an ethanol and multi-product storage and reload company operating in conjunction and/or concert with LB Transport in the Trucking Operation. Defendant Manly Terminal has a contractual relationship with LB Transport, including a long-term contract to provide trucks at a

2

low cost and continuous cycles to and from Manly Terminal. Manly Terminal's president is Lee Kiewiet, and its home office is located at 1575 380th Street in Manly, Iowa 50456.

8.     Upon information and belief, Defendant Manly Terminal is a for-profit limited liability company organized in the State of Delaware and doing business in the State of Georgia. Defendant Manly Terminal is not registered or authorized to do business with Georgia's Secretary of State, but Defendant Manly Terminal committed tortious acts against Mr. Little in the State of Georgia, which are specifically alleged in the subsequent counts or causes of action. Defendant Manly Terminal may be served with process through its registered agent, CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309.

9.     Upon information and belief, Defendant Donald H. Gruis ("Gruis") is a citizen of Iowa and may be served with process at 317 1st Street NE in Buffalo Center, Iowa 50428. Defendant Gruis was driving a tractor-trailer owned, operated, managed, maintained, and/or controlled by the Trucking Operation on March 13, 2020. Defendant Gruis committed tortious acts against Mr. Little in the State of Georgia, which are specifically alleged in the subsequent counts or causes of action.

10.     Plaintiff intends to name as defendants any other person or entity that, either directly or by joining or in concert with others was negligent and breached their duty of care in the operation of the LB Transport and was responsible for the actions or inactions that caused Mr. Little's injuries. Defendant John Does 1-5 are unknown or unidentified persons or entities within the network of individuals and businesses which participated in these acts and omissions.

11.     Plaintiff also intends to name as defendants any other entity who are, or were, an *alter ego* of the defendants named in this action, or who were agents of or joint venturers with the named defendants. Defendant Richard Roe Corporations 1-5 are unknown or unidentified entities

3

that are, or were, *alter egos* of defendants or agents of or joint venturers with the named defendants in the establishment, ownership, operation, management, or control of the LB Transport. Plaintiff cannot determine the exact number or identities of such individuals or entities at this time.

12.     Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless specifically restricted within a cause of action or as further defined below.

13.     At all material times, Defendants were responsible for ensuring that the operations of its business, including its fleet of commercial motor vehicles and drivers complied with all applicable Federal, State, and local statutes, laws, regulations, codes, standards, and ordinances.

14.     Whenever in this Complaint it is alleged that Defendants did any act or failed to do any act, it is meant that the owners, officers, directors, managers, agents, employees, and/or servants of the designated Defendants respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with the Defendants.

15.     While engaged in the conduct alleged herein, Defendants each acted with the express or implied knowledge, consent, authorization, approval, and/or ratification of the other Defendants.

16.     Defendants had the right and/or power to direct and control their employees and/or agents in their transport, handling, and/or transfer of bulk commodities, and they are personally, jointly, and severally liable for the acts and omissions committed.

17.     Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein. Defendants are also vicariously or indirectly liable for the for the wrongful conduct detailed herein under one or more of the following alternative legal theories: *alter ego*; agency;

4

joint venture/enterprise; and amalgamation of interest.

18.     The acts and omissions forming the basis of this Complaint arose in Richmond County, Georgia. Defendants are subject to the jurisdiction of this Honorable Court and may be served with process through Georgia's Secretary of State. Ga. Const. 1983, Art. VI, Sec. IV, ¶ 1; O.C.G.A. § 15-6-8; O.C.G.A. § 40-12-2.

19.     Venue is also proper in Richmond County, Georgia. Ga. Const. 1983, Art. VI, Sec. II, ¶ 6; O.C.G.A. §§ 14-2-510, 14-3-510.

## FACTUAL BACKGROUND

20.     On March 13, 2020, at approximately 2:20 pm, Mr. Little traveled southbound on Peach Orchard Road in Augusta, Richmond County, Georgia.

21.     Mr. Little was driving his blue 2014 Volkswagen Passat and traveling in the lefthand lane.

22.     A red Dodge Ram pickup truck driven by Horace Thomas ("Thomas") was also traveling southbound on Peach Orchard Road. Thomas was traveling alongside Mr. Little in the righthand lane.

23.     At that same time, Defendants were operating a large commercial motor vehicle, including a blue tractor and tanker trailer (the "Tractor Trailer").

24.     Defendants traveled northbound on Peach Orchard Road in the Tractor Trailer.

25.     As Mr. Little and Thomas approached the intersection of Peach Orchard Road and the I-520 on-ramp, Mr. Little and Thomas proceeded through the greenlight and into the intersection. Without carefully and diligently looking, Defendants suddenly turned left in front of Mr. Little failing to yield to the right-of-way and causing Mr. Little to slam into the passenger side of Defendants' Tractor Trailer. Thomas also slammed into the Defendants' Tractor Trailer.

5

26.     At the time of Defendants' sudden improper turn, Mr. Little was within the intersection or so close thereto as to constitute an immediate hazard. Mr. Little had no ability to avoid or prevent the collision.

27.     Shortly after the collision, Richmond County Sheriff's Office arrived at the scene. Gold Cross emergency medical services (EMS) was also called to the incident location.

28.     Gold EMS immobilized and placed Mr. Little in a cervical collar and transported him emergently to Augusta University Medical Center (AUMC) to be treated for his injuries. Mr. Little remained at AUMC until March 19, 2020, when he was discharged to the Veterans Affairs Medical Center for further rehabilitation.

29.     As a direct and proximate result of the collision caused by Defendants' negligent acts or omissions, Mr. Little suffered multiple injuries and damages, including but not limited to: (a) bilateral lower extremity paralysis and sensory loss; (b) a nondisplaced fracture of the right-sided transverse processes of L3; (c) spinal cord compression from C3-4 to C6-7; (d) acute extruded disc herniation at C4-5; (e) fracture of the anterior aspect of the right eighth rib; (f) required cervical spine brace/collar; (g) extended hospitalization and rehabilitation, including specialty consultation with orthopedic spinal surgeons; (h) severe physical pain, including cervical, thoracic, and lumbar pain; (i) disability and disfigurement; (j) limitations of mobility and required use of assistive device; (k) mental anguish and suffering; (l) anxiety; (m) sleep deprivation; (n) persistent discomfort as a result of his injuries; (o) loss of enjoyment of life; (p) alterations of lifestyle; (q) loss of quality of life; (r) inconvenience; (s) medical bills and other expenses, and (t) other economic and non-economic damages, which continue to accrue.

### COUNT I
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT

30.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 29 as if fully

set forth *verbatim*.

31.     Defendants owed Mr. Little and other members of the public a legal duty to operate
their Tractor Trailer with ordinary and reasonable care, to act as a reasonable and prudent driver,
and to obey all Federal, State, and Local laws, statutes, regulations, ordinances, and standards
related to the operation of the Tractor Trailer, including their duty to yield the right of way to
oncoming traffic.

32.     Defendants breached their duties owed to Mr. Little and failed to exercise ordinary
and reasonable care in the operation of the Tractor Trailer. Defendants' ordinary negligence,
carelessness, gross negligence, and recklessness included, but was not limited to:

> a. Failure to safely operate the commercial motor vehicle to avoid and
>    prevent a dangerous collision, including serious injury to Mr. Little;
>
> b. Failure to maintain proper control over the Tractor Trailer;
>
> c. Failure to yield the right of way to oncoming vehicles during a left-
>    hand turn, including Mr. Little;
>
> d. Failure to stop and diligently and carefully look for oncoming
>    vehicles before entering an intersection or crossing the roadway in
>    front of Mr. Little;
>
> e. Failure to look far enough ahead to ensure no oncoming vehicles,
>    including Mr. Little, presented an immediate hazard;
>
> f. Failure to ensure that the Tractor Trailer could completely clear the
>    intersection before starting across the other lane with oncoming
>    traffic;
>
> g. In operating the Tractor Trailer in a distracted manner;
>
> h. Failure to recognize and appreciate the size, length, and weight of
>    the Tractor Trailer before crossing or entering the oncoming lane;
>
> i. Failure to recognize and appreciate the slower acceleration of the
>    Tractor Trailer due its size and weight;
>
> j. Failure to recognize and appreciate an oncoming vehicle within the

7

intersection or so close as to constitute an immediate hazard, including Mr. Little;

k. Failure to obey statutory and common laws of the State of Georgia, including but not limited to O.C.G.A. §§ 40-6-71, -72, and -73;

l. Failure to establish or abide by, implement, and/or enforce appropriate safety, training, and fundamental policies and procedures to prevent harm to Mr. Little and avoid the known consequences of unsafe operation of the Tractor Trailer; and

m. In violating Federal and State laws applicable to commercial motor vehicles, including but not limited to regulations promulgated by the Federal Motor Carrier Safety Administration and standards set forth by the Georgia Department of Driver Services.

33.    As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants, the Defendants proximately caused injuries and damages to Mr. Little, which continue to accrue, as more particularly described in Paragraph 29 and Count V below.

## COUNT II
## IMPUTED LIABILITY

34.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth *verbatim*.

35.    At the time of the subject collision, Defendant Gruis was under dispatch for Defendants LB Transport and/or Manly Terminal.

36.    At the time of the subject collision, Defendant Gruis was operating his commercial motor vehicle on behalf of Defendants LB Transport and/or Manly Terminal.

37.    Upon information and belief, Defendants LB Transport and Manly Terminal are interstate motor carrier, and pursuant to federal and state laws, are responsible for the actions of Defendant Gruis in regard to the collision described in this Complaint under the doctrine of lease liability, agency (actual or apparent), or other theories of liability identified herein.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

38. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 37 as if fully set forth *verbatim*.

39. Defendants had a duty to exercise reasonable care in the hiring, training, and supervision of Defendant Gruis.

40. Defendants were negligent, careless, grossly negligent, reckless, and wanton in the following particulars:

        a. In hiring Defendant Gruis and entrusting him to drive the Tractor Trailer;

        b. In failing to properly train Defendant Gruis;

        c. In failing to properly supervise Defendant Gruis;

        d. In failing to have in place policies and procedures to properly, hire, train, retain, supervise and/or monitor its drivers, including Defendant Gruis, or if such procedures were in place, in failing to enforce them;

        e. In failing to have in place adequate policies and procedures to mandate compliance by its drivers, including Defendant Gruis, with statutes, laws, and regulations regarding the operation of motor vehicles, or if such policies and procedures were in place, in failing to enforce them;

        f. In failing to have in place an adequate safety program for the safety and protection of the motoring public, including Mr. Little, or if such program was in place, in failing to implement it; and

        g. In generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

41. As a result of the negligence, gross negligence, negligence *per se*, carelessness, and recklessness of Defendants, Defendants proximately caused injuries and damages to Mr. Little, which continue to accrue, as more particularly described in Paragraph 29 and Count V below.

## COUNT IV
## LOSS OF CONSORTIUM

42.     Plaintiff Keyla Little re-alleges and incorporates by reference Paragraphs 1 through 41 as if set forth fully herein *verbatim*.

43.     As a direct result of the actions of Defendants averred above, Plaintiff Keyla Little, as wife, is entitled to recover for the full value of damage to her marriage and partnership with Mr. Little due to the acts and omissions of Defendants, including, but not limited to, the right arising out of her marriage relationship to the love, companionship, and conjugal affection of her husband. Further, as a direct result of the acts and omissions alleged herein, Mrs. Little has been, and will continue to be, deprived of her husband's companionship, aid, society, support, and services.

## COUNT V
## DAMAGES

44.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 43 as if fully set forth *verbatim*.

45.     As a direct and proximate result of Defendants' negligence as described herein, Plaintiffs suffered injuries and damages. Mr. Little has incurred medical expenses, and will continue to incur in the future, including but not limited to the following: Augusta University Medical Center in the amount of $67,421.38; and University Hospital in the amount of $39,529.63.

46.     As a further direct and proximate result of Defendants' negligent and wrongful actions, Mr. Little has suffered, and will continue to suffer, general damages, as identified in Paragraph 29, including physical and mental pain and suffering, emotional distress, mental anguish, stress, anxiety, limitations of mobility, disability, discomfort, inconvenience, alterations of lifestyle, loss of enjoyment of life, loss of quality of life, loss of income and earning potential, and other economic and non-economic damages.

47.    Defendants are liable for said damages.

## COUNT VI
## PUNITIVE DAMAGES

48.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 47 as if fully set forth *verbatim.*

49.    The acts and omissions of the Defendants demonstrate recklessness, willful and wanton misconduct, and/or a conscious indifference and disregard to the safety, health, and welfare of Mr. Little.

50.    Defendants knew or should have known that said conduct was substantially certain to result in injury, damage, or other harm to Mr. Little.  Notwithstanding notice of Mr. Little's reasonable likelihood of harm, Defendants failed to act to prevent such harm, including severe injuries and damages.

51.    Defendants are liable for punitive damages to Plaintiff, and punitive damages should be awarded against Defendants to deter them from repeated misconduct.

**WHEREFORE**, the Plaintiff prays that he be awarded the following:

a) That a process be issued and copy of this Summons and Complaint be served upon Defendants as provided by law;

b) That Plaintiffs recover compensatory damages, including past and future medical expenses, in an amount in excess of $10,000.00 for all claims and counts alleged herein as shown by the evidence at the trial of this case;

c) That Plaintiffs recover for past and future physical and mental pain and suffering and other general damages in an amount to be determined by the enlightened conscience of a jury;

d) That Plaintiff Keyla Little recover damages for her loss of consortium in an amount to be determined by the enlightened conscience of a jury;

e) That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

f) That Plaintiff recover the costs of this action;

g) That Plaintiffs be granted a jury to try this case; and

h) That Plaintiffs recover such other and further relief as is just and proper.

PLAINTIFFS FURTHER DEMAND A JURY TRIAL.

Dated this 11th day of February 2022.

HAWK LAW GROUP

/s/ A. Keith McAlister, Jr.
A. Keith McAlister, Jr., GA Bar No. 286561
Victor Hawk, GA State Bar No.  338650
Reid Sanders, GA Bar No. 413086
M. Chace Hawk, GA Bar No. 440388
Shawn Merzlak, GA Bar No. 297965
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
kmcalister@hawklawgroup.com

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00070**
DANIEL J. CRAIG
FEB 11, 2022 11:14 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   <u>2022RCCV00070</u>

Little, Johnny Earl, Jr.
Little, Keyla

_____

**PLAINTIFF**

**VS.**

LB Transport, Inc.
Manly Terminal, LLC
Gruis, Donald H.
John Does 1-5
Richard Roe Corporations 1-5

_____

**DEFENDANTS**

### SUMMONS

TO: LB TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Allen Keith McAlister, Jr.**
**Hawk Law Group**
**338 Telfair Street**
**Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of February, 2022.**

Clerk of Superior Court

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
DANIEL J. CRAIG
FEB 11, 2022 11:14 AM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCCV00070

Little, Johnny Earl, Jr.
Little, Keyla

_____

**PLAINTIFF**

**VS.**

LB Transport, Inc.
Manly Terminal, LLC
Gruis, Donald H.
John Does 1-5
Richard Roe Corporations 1-5

_____

**DEFENDANTS**

## SUMMONS

TO: MANLY TERMINAL, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Allen Keith McAlister, Jr.**
> **Hawk Law Group**
> **338 Telfair Street**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of February, 2022.**

Clerk of Superior Court

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# SUPERIOR COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
**DANIEL J. CRAIG**
**FEB 11, 2022 11:14 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER   2022RCCV00070

Little, Johnny Earl, Jr.
Little, Keyla

_____
**PLAINTIFF**

**VS.**

LB Transport, Inc.
Manly Terminal, LLC
Gruis, Donald H.
John Does 1-5
Richard Roe Corporations 1-5

_____
**DEFENDANTS**

## SUMMONS

TO: GRUIS, DONALD H.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Allen Keith McAlister, Jr.**
> **Hawk Law Group**
> **338 Telfair Street**
> **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 11th day of February, 2022.**

Clerk of Superior Court

*Hattie Holmes Sullivan*
_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

✆ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG

**FEB 11, 2022 11:14 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

☑ **Superior** or ☐ **State Court of** _Richmond_____ **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _02-11-2022_____ | **Case Number** _2022RCCV00070_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Little, Johnny Earl, Jr.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Little, Keyla | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

LB Transport, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Manly Terminal, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Gruis, Donald H. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| John Does 1-5 | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _McAlister, Mr. Allen Keith Jr_  **Bar Number** _286561_____  **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
DANIEL J. CRAIG
**FEB 11, 2022 11:14 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE SUPERIOR COURT OF RICHMOND COUNTY, GEORGIA**

**Civil Action File No. 2022RCCV00070**

| | | |
|---|---|---|
| **Little, Johnny Earl, Jr.** | ) | |
| **Little, Keyla** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Judge: DANIEL J. CRAIG** |
| | ) | |
| **LB Transport, Inc.** | ) | |
| **Manly Terminal, LLC** | ) | |
| **Gruis, Donald H.** | ) | |
| **John Does 1-5** | ) | |
| **Richard Roe Corporations 1-5** | ) | |
| **Defendants** | ) | |

## STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient, and inexpensive resolution of disputes and prosecutions," and pursuant to Uniform Superior Court Rule 1.2 as well as the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, the following **Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the Superior Court of the Augusta Judicial Circuit, may be mediated in accordance with this Order.

When the presiding judge orders mediation in any case, mediation must be conducted in compliance with this Order. All such mediation shall be conducted in accordance with the rules of the Augusta Judicial Circuit Alternative Dispute Resolution Program (hereinafter "ADR Program.") The referring judge shall enter an Order Referring the Case to ADR. This order will be filed with the Clerk of Court, and a copy of the order will be provided to the ADR Program, the parties, and attorneys of record. Upon referral to the ADR Program, cases shall be screened to determine whether the case is appropriate for ADR, whether the parties are able to compensate the mediator, or whether a need for emergency relief makes referral inappropriate.

### Selection of a Mediator

The parties shall agree on a mediator registered by the Georgia Office of Dispute

Resolution who have been chosen for service in the Augusta Judicial Circuit ADR Program.  In the event that parties desire to use a mediator who has not been chosen for service in the Augusta Judicial Circuit ADR Program, the parties shall petition the Court to utilize any mediator that is registered by the Georgia Office of Dispute Resolution.  If the Court approves such petition, the parties shall notify, in writing, the ADR Program of the name of the mediator, the time and location of mediation.  The selected mediator shall be paid in accordance with the agreement of the parties and the mediator.

Parties shall contact the mediator directly and schedule the mediation.  Plaintiff's counsel shall provide, in writing, the date of mediation and the name of the mediator selected to the ADR Program, by completing the Notice of Mediation Status Form (Attachment A).  Unless otherwise agreed, the parties shall share the cost of mediation and should be prepared to pay the mediator at the conclusion of the session.

In the event the parties fail to agree upon a mediator, the presiding judge or the ADR Program shall appoint a neutral mediator and set the mediation fee.

If any party is unable to afford the cost of mediation, that party may contact the ADR Program to request an Application for Fee Waiver/Fee Reduction.

## **Attending Mediation**

Unless exempted by or excused by the Court, the presence of parties at all mediation conferences is required.  A party's representative may appear on behalf of the party if the representative has a complete and full understanding of the dispute and full knowledge of the facts, and full authority to settle without further consultation; or a representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultations, with the exception of a telephone consultation with immediately available parties. Upon agreement of all parties, the insurance carrier representative may appear via the telephone, or other virtual medium.

The parties and the attorneys of record shall negotiate in good faith to resolve any issues with the neutral mediator.

Within seven (7) days after mediation, the parties or the attorneys of record shall notify the ADR Program whether mediation was successful.

Compliance with this Order does not require the parties to reach a settlement.  The neutral mediator has no authority to compel a settlement, and any settlement must be voluntary. In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

### **Mandatory Exemptions**

The following shall be exempt from mediation except upon petition of all parties, or sua sponte by the court:

1. Appeals from rulings of administrative agencies;
2. Forfeitures of seized properties;
3. Bond validations;
4. Declaratory relief.

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules, updated annually, provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations.  All submissions provided to a registered neutral mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law.  The neutral mediator or any observers present in the court-annexed or court-referred ADR may not be subpoenaed or required to testify concerning the mediation in any subsequent proceeding.

**SO ORDERED** this _____ day of _____, 20_____.

_____
Judge, Superior Court
Augusta Judicial Circuit

**IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA**

**Civil Action File No. _____**

|  |  |
|---|---|
| **Plaintiff,** | ) |
|  | ) |
|  | ) |
| **v.** | ) |
|  | ) |
|  | ) |
|  | ) |
| **Defendant.** | ) |

## NOTICE OF MEDIATION STATUS

☐      I do hereby confirm that the parties in the above-styled action have selected and agreed to the following registered neutral mediator:

      Mediator's Name: _____

      Date of Mediation: _____

☐      Parties request a mediator be assigned by the Augusta Judicial Circuit ADR Program.

      This _____ day of _____, 20_____.

                              _____

                              Plaintiff's Counsel

                              _____

                              Printed Name:

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG
FEB 14, 2022 01:33 PM

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

| | |
|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) ) ) ) ) ) |
| Defendants. | |

## NOTICE OF SERVICE THROUGH THE SECRETARY OF STATE

TO: Mr. Terry Kiewiet
President and Registered Agent for
LB Transport, Inc.
615 1st Avenue NE
Buffalo Center, Iowa 50424

Service of process will be perfected upon you in the above styled case by serving two (2) copies of the Summons and Complaint to Defendant, LB Transport, Inc., and O.C.G.A. Notice to the Secretary of State of the State of Georgia along with a ten ($10.00) dollar fee. This type of service is proper on a non-resident Defendant who has caused injuries on Georgia Highways. As required by Georgia Law, I have mailed to you a copy of the Summons and Complaint and O.C.G.A. Notice by certified mail at the above address.

This Complaint must be answered within thirty (30) days from the date of service of a copy of the Summons and Complaint.

Dated the 14th day of February 2022.

Respectfully submitted,

*/s/ A. KEITH McALISTER*
A.  Keith McAlister, Jr.
Georgia Bar No. 286561

*Attorney for Plaintiffs*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
kmcalister@hawklawgroup.com

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

JOHNNY EARL LITTLE, JR., and KEYLA )
LITTLE,                            )
                                   )
     Plaintiffs,                    )
                                   )
v.                                 )
                                   )
LB TRANSPORT, INC.; MANLY          )
TERMINAL, LLC; DONALD H. GRUIS;    )
JOHN DOES 1-5; and RICHARD ROE     )
CORPORATIONS 1-5,                  )
                                   )
     Defendants.

## PLAINTIFFS' AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, A. Keith McAlister, the undersigned, am the attorney who represents the Plaintiffs in the

case of:

> ***Johnny Earl Little, Jr. and Keyla Little v. LB Transport, Inc., Manly
> Terminal, LLC, Donald H. Gruis, John Does 1-5 and Richard
> Roe Corporations 1-5***
> **Civil Action File No. 2022RCCV00070**

I do hereby certify that, in accordance with O.C.G.A. §40-1-117, I have forwarded by

registered or certified mail notice of service of the above case along with a copy of the Summons

and Complaint and process to the Defendant, LB Transport, Inc., at the following address:

          LB Transport, Inc.
          c/o Terry Kiewiet
          615 1st Avenue NE
          Buffalo Center, IA 50424

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended

to the documents, regarding this case: (1) any return receipt received as evidence of service upon

the Defendant, LB Transport, Inc., by the Plaintiffs, and (2) the Plaintiffs' affidavit of compliance.

Dated this 14th day of February 2022.

                    HAWK LAW GROUP

                    A. Keith McAlister, Jr., GA Bar No. 286561
                    338 Telfair Street
                    Augusta, Georgia 30901
                    (706) 722-3500
                    kmcalister@hawklawgroup.com

Sworn to and subscribed before me
this 14th day of February 2022.

NOTARY PUBLIC
My commission expires:  03/06/2029

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00070**
**DANIEL J. CRAIG**
**FEB 14, 2022 01:33 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

| | |
|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) ) ) ) ) ) |
| Defendants. | |

## NOTICE OF SERVICE THROUGH THE SECRETARY OF STATE

TO:   Manly Terminal, LLC
c/o Registered Agent CT Corporation System
400 East Court Avenue
Des Moines, Iowa 50309

Service of process will be perfected upon you in the above styled case by serving two (2) copies of the Summons and Complaint to Defendant, Manly Terminal, LLC, and O.C.G.A. Notice to the Secretary of State of the State of Georgia along with a ten ($10.00) dollar fee. This type of service is proper on a non-resident Defendant who has caused injuries on Georgia Highways. As required by Georgia Law, I have mailed to you a copy of the Summons and Complaint and O.C.G.A. Notice by certified mail at the above address.

This Complaint must be answered within thirty (30) days from the date of service of a copy of the Summons and Complaint.

Dated the 14th day of February 2022.

Respectfully submitted,

**/s/ A. KEITH McALISTER**
A.  Keith McAlister, Jr.
Georgia Bar No. 286561

*Attorney for Plaintiffs*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
kmcalister@hawklawgroup.com

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

| | |
|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, A. Keith McAlister, the undersigned, am the attorney who represents the Plaintiffs in the case of:

> ***Johnny Earl Little, Jr. and Keyla Little v. LB Transport, Inc., Manly Terminal, LLC, Donald H. Gruis, John Does 1-5 and Richard Roe Corporations 1-5***
> **Civil Action File No. 2022RCCV00070**

I do hereby certify that, in accordance with O.C.G.A. §40-1-117, I have forwarded by registered or certified mail notice of service of the above case along with a copy of the Summons and Complaint and process to the Defendant, Manly Terminal, LLC, at the following address:

> Manly Terminal, LLC
> c/o Registered Agent CT Corporation System
> 400 East Court Avenue
> Des Moines, Iowa 50309

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended

to the documents, regarding this case: (1) any return receipt received as evidence of service upon

the Defendant, Manly Terminal, LLC, by the Plaintiffs, and (2) the Plaintiffs' affidavit of

compliance.

Dated this 14th day of February 2022.

HAWK LAW GROUP

A. Keith McAlister, Jr., GA Bar No. 286561
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
kmcalister@hawklawgroup.com

Sworn to and subscribed before me
this 14th day of February 2022.

NOTARY PUBLIC
My commission expires: 03/06/2029

✴ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
DANIEL J. CRAIG
FEB 14, 2022 01:33 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

JOHNNY EARL LITTLE, JR., and KEYLA
LITTLE,

      Plaintiffs,

  v.

LB TRANSPORT, INC.; MANLY
TERMINAL, LLC; DONALD H. GRUIS;
JOHN DOES 1-5; and RICHARD ROE
CORPORATIONS 1-5,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFFS' AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, A. Keith McAlister, the undersigned, am the attorney who represents the Plaintiffs in the

case of:

> ***Johnny Earl Little, Jr. and Keyla Little v. LB Transport, Inc., Manly
> Terminal, LLC, Donald H. Gruis, John Does 1-5 and Richard
> Roe Corporations 1-5***
> **Civil Action File No. 2022RCCV00070**

I do hereby certify that, in accordance with O.C.G.A. §40-12-2, I have forwarded by

registered or certified mail notice of service of the above case along with a copy of the Summons

and Complaint and process to the Defendant, Donald H. Gruis, at the following address:

> Donald H. Gruis
> 317 1st Street NE
> Buffalo Center, Iowa 50428

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended

to the documents, regarding this case: (1) any return receipt received as evidence of service upon

the Defendant, Donald H. Gruis, by the Plaintiffs, and (2) the Plaintiffs' affidavit of compliance.

Dated this 14th day of February 2022.

HAWK LAW GROUP

A. Keith McAlister, Jr., GA Bar No. 286561
338 Telfair Street
Augusta, Georgia 30901
(706) 722-3500
kmcalister@hawklawgroup.com

Sworn to and subscribed before me
this 14th day of February 2022.

NOTARY PUBLIC
My commission expires: 03/06/2029

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. 2022RCCV00070

| | |
|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) ) ) ) |
| | ) |
| Defendants. | |

## **NOTICE OF SERVICE THROUGH THE SECRETARY OF STATE**

TO:   Donald H. Gruis
        317 1st Street NE
        Buffalo Center, Iowa 50428

        Service of process will be perfected upon you in the above styled case by serving two (2)

copies of the Summons and Complaint to Defendant, Donald H. Gruis, and O.C.G.A. Notice to

the Secretary of State of the State of Georgia along with a ten ($10.00) dollar fee.  This type of

service is proper on a non-resident Defendant who has caused injuries on Georgia Highways.  As

required by Georgia Law, I have mailed to you a copy of the Summons and Complaint and

O.C.G.A. Notice by certified mail at the above address.

        This Complaint must be answered within thirty (30) days from the date of service of a copy

of the Summons and Complaint.

        Dated the 14th day of February 2022.

Respectfully submitted,

*/s/ A. KEITH McALISTER*
A.  Keith McAlister, Jr.
Georgia Bar No. 286561

*Attorney for Plaintiffs*

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
kmcalister@hawklawgroup.com

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG
FEB 22, 2022 12:55 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

*POLK COUNTY SHERIFF'S OFFICE*

*SHERIFF KEVIN J. SCHNEIDER*

Civil Division | 222 – 5ᵗʰ Avenue Des Moines, IA, 50309

Sheriff's Office **(515) 286-3940** | Fax **(515) 286-3110**

**RETURN OF SERVICE**
In the GA District Court for RICHMOND COUNTY

JOHNNY EARL LITTLE JR          **VS**          MANLY TERMINAL LLC

Sheriff #: 22004956
Case #: 2022RCCV00070
Received: 2/15/2022
Service Number: 121012

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X Summons/Complaint

On: 2/16/2022 8:54:00 AM
To: MANLY TERMINAL LLC by delivering a copy to LISA DARRELL
    a person at least 18 years of age described as REGISTERED AGENT
Manner Served: REGISTERED AGENT
Address of Service: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Notes:

**Attempts**

Date: 2/16/2022 8:54:00 AM
Address: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Note:

**FEES**

**Total: $31.17**

**Kevin J Schneider, Sheriff of Polk County, Iowa**

Deputy/Server: Patrick Adamovicz

Dear Cravitas,

Enclosed herein please find a copy of the Summons and Complaint to be served on Defendant Manly Terminal, LLC in the above-captioned case along with our check for your service fees.  Defendant Manly Terminal, LLC may be served through its Registered Agent, C T Corporation System, at 400 East Court Avenue, Des Moines, IA 50309.  Also enclosed is a self-addressed stamped envelope for mailing the Affidavit of Service to us.

Thank you for your assistance in this matter.

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00070**
**DANIEL J. CRAIG**
**FEB 24, 2022 10:50 AM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Control Number : SOP-22041567

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### LB Transport, Inc.

have been filed with the Secretary of State on 02/17/2022 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Johnny Earl Little, Jr. v. LB Transport, Inc.
Court: Richmond County Superior Court
Civil Action No.: 2022RCCV00070

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



Brad Raffensperger
Secretary of State

Control Number : SOP-22041567

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Johnny Earl Little, Jr. v. LB Transport, Inc., et al.**
**Richmond County Superior Court**
**Civil Action No. 2022RCCV00070**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**LB Transport, Inc.**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG
FEB 24, 2022 10:50 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Control Number : SOP-22041557

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Manly Terminal, LLC**

have been filed with the Secretary of State on 02/17/2022 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Johnny Earl Little, Jr., et al. v. Manly Terminal, LLC
Court: Richmond County Superior Court
Civil Action No.: 2022RCCV00070

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



Brad Raffensperger
Secretary of State

Control Number : SOP-22041557

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Johnny Earl Little, Jr., et al. v. Manly Terminal, LLC., et al.**
**Richmond County Superior Court**
**Civil Action No. 2022RCCV00070**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Manly Terminal, LLC**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG
FEB 23, 2022 01:44 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Control Number : SOP-22041361

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Donald H. Gruis

have been filed with the Secretary of State on 02/17/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Johnny Earl Little, Jr., et al. v. Donald H. Gruis
Court: Richmond County Superior Court
Civil Action No.: 2022RCCV00070

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



Brad Raffensperger
Secretary of State

📧 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
**DANIEL J. CRAIG**
**FEB 24, 2022 02:32 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. : 2022RCCV00070

Johnny Earl Little, Jr. and          )
Keyla Little,                        )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )          **AFFIDAVIT OF SERVICE**
                                     )
LB Transport, Inc.; Manly Terminal, LLC;  )
Donald H. Gruis; John Does 1-5 and   )
Richard Roe Corporations 1-5,        )
                                     )
        Defendants.                  )

Personally appeared me, A. Keith McAlister, Jr., attorney for Plaintiffs, who states that he

served the Defendant, Donald H. Gruis, with a copy of the Summons and Complaint in the

above-referenced matter on February 18, 2022.

        X_ by certified mail, restricted delivery, return receipt requested (receipt attached) in the

United States Mail  with proper postage attached.

        This Affidavit is made this 24th day of February 2022.

                                        HAWK LAW GROUP

                                        A. Keith McAlister, Jr., GA Bar No.  78213
                                        338 Telfair Street
                                        Augusta, GA 30901
                                        Phone: (706) 722-3500
                                        kmcalister@hawklawgroup.com
                                        *Attorney for Plaintiffs*

Sworn to before me this

24th day of February 2022

Notary Public
My Commission Expires _03/06/2029_

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $ 3.75 |
| Extra Services & Fees (check box, add fee as appropriate) | $ 3.00 |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ 8.76 |

Postmark Here

Little

Sent To Donald H. Gruis
Street and Apt. No., or PO Box No. 317 1st St. NE
City, State, ZIP+4® Buffalo Center IA 50428

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Little

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Donald H. Gruis
317 1st Street NE
Buffalo Center, Iowa 50428

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Linda Hinn_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery 2-18-22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 7008 1225 9822 24

2. Article Number (Transfer from service label)

7021 2720 0002 6122 5146

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

RECORD ID
835ae82c...

| SHERIFF'S ENTRY OF SERVICE | | SC-85-2 | | CLYDE CASTLEBERRY CO INT OFFICE |

CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**

DANIEL J. CRAIG

MAR 04, 2022 02:20 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Civil Action No. __2022RCCV00070__

Date Filed __February 11, 2022__

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |

Georgia, __Richmond__

__Johnny Earl Little, Jr.__

__Keyla Little__

Attorney's Address

A. Keith McAlister, Jr.
HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901

Plaintiff

VS.

Name and Address of Party to be Served.

CT Corporation System, Registered Agent for

GEICO Indemnity Company
289 S. Culver Street
Lawrenceville, GA 30046

__LB Transport, Inc.; Manly Terminal, LLC;__
__Donald H. Gruis; John Does 1-5; and Richard__
__Roe Corporations 1-5__

Defendant

RECEIVED 2022 FEB 17 PM 4:3 CIVIL G.C.S.

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒

Served the defendant _Geico Indemnity Company_ _____ a corporation
by leaving a copy of the within action and summons with _Jane Richardson_ _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _22_ day of _Feb_ , 20 _22_ .

_W. Coberly_ _S01332_

DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

⚎ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2022RCCV00070**
**DANIEL J. CRAIG**
**MAR 07, 2022 11:08 AM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA
Civil Action File No. : 2022RCCV00070

Johnny Earl Little, Jr. and )
Keyla Little, )
)
      Plaintiffs, )
)
vs. )      **AFFIDAVIT OF SERVICE**
)
LB Transport, Inc.; Manly Terminal, LLC; )
Donald H. Gruis; John Does 1-5 and )
Richard Roe Corporations 1-5, )
)
      Defendants. )

Personally appeared me, A. Keith McAlister, Jr., attorney for Plaintiffs, who states that he

served the Defendant, LB Transport, Inc., with a copy of the Summons and Complaint in the

above-referenced matter on February 17, 2022.

X by certified mail, restricted delivery, return receipt requested (receipt attached) in the

United States Mail with proper postage attached.

This Affidavit is made this 7th day of March 2022.

HAWK LAW GROUP

A. Keith McAlister, Jr., GA Bar No. 286561
338 Telfair Street
Augusta, GA 30901
Phone: (706) 722-3500
kmcalister@hawklawgroup.com
Attorney for Plaintiffs

Sworn to before me this

7th day of March 2022

Notary Public
My Commission Expires 03/06/2029

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 1.96

Total Postage and Fees
$ 8.76

Sent To
Terry Kiewict Pres. & R.A. for LB Transportn

Street and Apt. No., or PO Box No.
613 1st Ave NE

City, State, ZIP+4®
Buffalo Center IA 50424

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Terry Kiewiet
President and Registered Agent for
LB Transport, Inc.
615 1st Avenue NE
Buffalo Center, Iowa 50424

9590 0402 7009 1005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Amy Main   2/17/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. A
7[

PS F

Domestic Return Receipt

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA

**2022RCCV00070**
DANIEL J. CRAIG
MAR 11, 2022 03:52 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOHNNY EARL LITTLE, JR., and KEYLA LITTLE, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 2022RCCV00070 |
| v. | ) ) | |
| LB TRANSPORT, INC.; MANLY TERMINAL, LLC; DONALD H. GRUIS; JOHN DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND DEFENSES OF
### L.B. TRANSPORT, INC. AND DONALD H. GRUIS

COME NOW defendants L.B. Transport, Inc. ("L.B. Transport") and Donald H. Gruis (collectively, "these defendants"), by way of special appearance, without waiving and specifically reserving all jurisdictional, service and other defenses available to them, and answer plaintiffs' complaint as follows:

FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiffs' complaint, these defendants answer as follows:

## PARTIES, JURISDICTION AND VENUE

1.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

The allegations in this paragraph of the complaint do not contain factual allegations and require no response; however, to the extent a response is required, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Responding to the allegations in the paragraph of the complaint, these defendants admit Mr. Gruis was operating a tractor-trailer in Richmond County, Georgia on March 13, 2020 in the course and scope of his employment with L.B. Transport.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, these defendants admit L.B. Transport is a privately-owned motor carrier with its principal place of business located at the stated address; transports liquid bulk commodities in the United States; employs drivers, dispatchers, personnel, and staff; and its president is Terry Kiewiet.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

6.

Responding to the allegations in the paragraph of the complaint, these defendants admit that L.B. Transport is an Iowa corporation and may be served according to law.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

7.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

9.

Responding to the allegations in the paragraph of the complaint, these defendants admit that Mr. Gruis is a citizen of Iowa, was operating a tractor-trailer on March 13, 2020, and may be served according to law.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

10.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

11.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

The allegations in this paragraph of the complaint do not contain factual allegations and require no response; however, to the extent a response is required, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

13.

Responding to the allegations in this paragraph of the complaint, these defendants admit they had a duty to comply with applicable law but deny that they

breached any duty.   Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

14.

The allegations in this paragraph of the complaint do not contain factual allegations and require no response; however, to the extent a response is required, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was acting in the course and scope of his employment with L.B. Transport at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

16.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was acting in the course and scope of his employment with L.B. Transport at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

17.

Responding to the allegations in this paragraph of the complaint, these defendants admit the *respondeat superior* doctrine applies to L.B. Transport insofar as it relates to plaintiffs' negligence claims against Mr. Gruis.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

18.

Responding to the allegations in this paragraph of the complaint, these defendants admit the subject accident occurred in Richmond County, Georgia. Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

19.

These defendants deny the allegations in this paragraph of the complaint.

## **FACTUAL BACKGROUND**

20.

These defendants admit the allegations in this paragraph of the complaint.

21.

Responding to the allegations in this paragraph of the complaint, these defendants admit plaintiff was driving a Volkswagen.  Except as expressly admitted,

these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

22.

Responding to the allegations in this paragraph of the complaint, these defendants admit Horace Thomas was driving a Dodge pickup truck at the stated location.  Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was operating a tractor-trailer on March 13, 2020. Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

24.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was traveling north on Peach Orchard Road before the subject accident.   Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

25.

Responding to the allegations in this paragraph of the complaint, these defendants admit plaintiff Johnny Earl Little, Jr. and Mr. Thomas collided with the tractor-trailer driven by Mr. Gruis.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

26.

These defendants deny the allegations in this paragraph of the complaint.

27.

Responding to the allegations in this paragraph of the complaint, these defendants admit the Richmond County Sheriff's Office and emergency medical personnel responded to the accident scene.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

28.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

These defendants deny the allegations in this paragraph of the complaint, including subparts (a) through (t).

## COUNT I
## NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS CONDUCT

### 30.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 31.

Responding to the allegations in this paragraph of the complaint, these defendants admit they had a duty to comply with applicable law. Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

### 32.

These defendants deny the allegations in this paragraph of the complaint, including those in subparagraphs (a) through (m).

### 33.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT II
## IMPUTED LIABILITY

### 34.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

35.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was under dispatch for L.B. Transport at the time of the subject accident.   Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

36.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Gruis was acting in the course and scope of his employment with L.B. Transport at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

37.

Responding to the allegations in this paragraph of the complaint, these defendants admit L.B. Transport is an interstate motor carrier and the *respondeat superior* doctrine applies to plaintiffs' negligence claims against Mr. Gruis.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint insofar as they are directed at it and are without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they are directed Manly Terminal, LLC.

-10-

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 38.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

### 39.

Responding to the allegations in this paragraph of the complaint, these defendants admit they had a duty to comply with applicable law.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

### 40.

These defendants deny the allegations in this paragraph of the complaint, including those in subparagraphs (a) through (g).

### 41.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT IV
## LOSS OF CONSORTIUM

### 42.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

43.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT V
## DAMAGES

44.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

45.

These defendants deny the allegations in this paragraph of the complaint.

46.

These defendants deny the allegations in this paragraph of the complaint.

47.

These defendants deny the allegations in this paragraph of the complaint.

## COUNT VI
## PUNITIVE DAMAGES

48.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if set forth fully herein.

49.

These defendants deny the allegations in this paragraph of the complaint.

50.

These defendants deny the allegations in this paragraph of the complaint.

51.

These defendants deny the allegations in this paragraph of the complaint.

52.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiffs' prayer for relief, these defendants deny plaintiffs are entitled to any relief from them under any theory, at law or in equity.

53.

Except as expressly admitted or otherwise responded to, these defendants deny all allegations in the complaint.

THIRD DEFENSE

There has been an insufficiency of process as to these defendants; therefore, this Court lacks personal jurisdiction over them.

FOURTH DEFENSE

There has been an insufficiency of service of process as to these defendants; therefore, the Court lacks personal jurisdiction over them.

FIFTH DEFENSE

This Court lacks personal jurisdiction over these defendants.

## SIXTH DEFENSE

These defendants did not breach any duty owed to plaintiff.

## SEVENTH DEFENSE

No act or omission of these defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against these defendants.

## EIGHTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff; and no alleged act by these defendants caused or contributed to the incident described in the complaint.

## NINTH DEFENSE

The imposition of punitive damages against these defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to these defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of

-14-

punitive damages against these defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

<u>ELEVENTH DEFENSE</u>

To the extent as may be shown applicable by the evidence through discovery, these defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations and waiver.

<u>TWELFTH DEFENSE</u>

These defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, these defendants pray as follows:

-15-

(a)    That judgment be entered in favor of defendants and against plaintiffs on the complaint;

(b)    That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Catherine M. Banich*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Catherine M. Banich
Georgia Bar No. 260514
Attorneys for Defendants L.B.
Transport, Inc. and Donald H. Gruis

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**THESE DEFENDANTS DEMAND A TRIAL BY JURY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Answer and Defenses of L.B. Transport, Inc. and Donald H. Gruis* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants. Counsel of record is as follows:

> A. Keith McAlister, Jr., Esq.
> Victor Hawk, Esq.
> Reid Sanders, Esq.
> M. Chace Hawk, Esq.
> Shawn Merzlak, Esq.
> Hawk Law Group
> 338 Telfair Street
> Augusta, GA 30901

This 11th day of March, 2022.

> */s/ Catherine M. Banich*
> Catherine M. Banich
> Georgia Bar No. 260514

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)